
RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

2017 JAN 25 PM 3:09

UNITED STATES OF AMERICA,
Plaintiff,

v.

CRIMINAL NO. 16-39 (ADC)
CRIMINAL NO. 17-33 (ADC)

JOSE VILLAFAÑE-COTTO,
Defendant.

## PLEA AGREEMENT
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: Timothy R. Henwood, Attorney for the United States Acting Under Authority Conferred by 28 U.S.C. § 515, Jenifer Y. Hernandez-Vega, Assistant United States Attorney and Chief, Violent Crimes Unit, and Alexander L. Alum, Assistant United States Attorney, along with Defendant, Jose Villafañe-Cotto, and his counsel, Victor Chico-Luna, Esq., and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count One of the Indictment, which alleges that on or about January 11, 2016, Jose Villafañe-Cotto, at a place within the jurisdiction of the United States, namely the Metropolitan Detention Center in Guaynabo, Puerto Rico, land acquired for the use of the United States and under its exclusive jurisdiction, did assault J.F.O. with a dangerous weapon, namely a shank, with intent to do bodily harm. All in violation of Title 18, United States Code, Section 113(a)(3).

Defendant also agrees to plead guilty to Count One of the Information, which alleges that on or about March 18, 2016, Jose Villafañe-Cotto, at a place within the territorial jurisdiction of the United States, namely the Metropolitan Detention Center in Guaynabo, Puerto Rico, land acquired for the use of the United States and under its exclusive jurisdiction, did assault N.A.C. with a dangerous weapon, namely three razor blades and a shard of Plexiglass, with intent to do bodily harm. All in violation of Title 18, United States Code, Section 113(a)(3).

2. **STATUTORY MAXIMUM PENALTIES**

The maximum statutory penalty for the offense charged in Count One of the Indictment is a term of imprisonment of not more than ten (10) years, pursuant to 18 U.S.C. § 113(a)(3); a fine not to exceed two hundred fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. § 3571(b)(3); a supervised release term of not more than three (3) years, pursuant to 18 U.S.C. § 3583(b)(2); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to 18 U.S.C. § 3013(a)(2)(A).

The maximum statutory penalty for the offense charged in Count One of the Information is a term of imprisonment of not more than ten (10) years, pursuant to 18 U.S.C. § 113(a)(3); a fine not to exceed two hundred fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. § 3571(b)(3); a supervised release term of not more than three (3) years, pursuant to 18 U.S.C. § 3583(b)(2); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to 18 U.S.C. § 3013(a)(2)(A).

3. **SENTENCING GUIDELINES APPLICABILITY**

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in

United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

4. **SPECIAL MONETARY ASSESSMENT**

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction pursuant to 18 U.S.C. § 3013(a)(2)(A).

5. **FINES AND RESTITUTION**

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

6. **RULE 11(c)(1)(B) WARNINGS**

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines. Further, Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained herein. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea Agreement, or may defer its decision as to whether to accept or reject the Plea Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

## 7. APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in the case of United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

| SENTENCING GUIDELINE CLACULATION AS TO COUNT ONE OF THE INDICTMENT 18 U.S.C. § 113(a)(3) | |
|---|---|
| Career Offender Base Offense Level, U.S.S.G. §§ 4B1.1(a), (b)(5) | 24 |

| SENTENCING GUIDELINE CLACULATION AS TO COUNT ONE OF THE INFORMATION 18 U.S.C. § 113(a)(3) | |
|---|---|
| Career Offender Base Offense Level, U.S.S.G. §§ 4B1.1(a), (b)(5) | 24 |

| COMBINED OFFENSE LEVEL FOR TWO COUNTS OF CONVICTION 18 U.S.C. § 113(a)(3) | |
|---|---|
| Career Offender Base Offense Level, U.S.S.G. §§ 4B1.1(a), (b)(5) | 24 |
| Enhancement Upon Combining Groups One and Two, U.S.S.G. § 3D1.4(a) | +2 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1 | -3 |

| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level | |
|---|---|---|---|---|---|---|---|---|---|
| | 23 | 046-057 | 051-063 | 057-071 | 070-087 | 084-105 | 092-115 | | 23 |

8. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any criminal history category for Defendant.

9. **SENTENCE RECOMMENDATION**

The parties agree jointly to recommend a sentence at the lower end of the guideline range applicable to a total offense level of 23, when combined with the criminal history category the Court determines is applicable. Assuming that Defendant's criminal history category is VI, the parties will jointly recommend a sentence of 92 months. Defendant agrees that the sentencing recommendation set forth herein is reasonable pursuant to Title 18, United States Code, Section 3553(a).

10. **WAIVER OF APPEAL**

Defendant hereby agrees to waive and surrender his right to appeal the judgment and sentence in this case if the Court accepts this Plea Agreement and sentences him according to its terms, conditions, and recommendations.

11. **WAIVER OF INDICTMENT**

Defendant understands that, pursuant to Federal Rule of Criminal Procedure 7, he has the right to be prosecuted by an indictment for the offense alleged in Count One of the Information. Defendant voluntarily waives prosecution by indictment.

12. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level shall be sought. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

13. **SATISFACTION WITH COUNSEL**

Defendant represents to the Court that he is satisfied with his counsel, Victor Chico-Luna, Esq., and asserts that counsel has rendered effective legal assistance.

14. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Plea Agreement, he surrenders certain rights as provided in this agreement. Defendant understands that his rights as a criminal defendant include the following:

   a. If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial would be conducted by a judge sitting without a jury if Defendant, the United States and the judge agreed.

   b. If a jury trial were conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification were shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial were held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 15. STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts contained therein are accurate in every respect, and that the United States would have proven those facts beyond a reasonable doubt had the matter proceeded to trial.

### 16. LIMITATIONS OF PLEA AGREEMENT

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal, district, state, or local authorities.

17. **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States and Defendant. The United States has made no promises or representations except as set forth in writing in this Plea Agreement, and denies the existence of any other term or condition not stated herein.

18. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

19. **VOLUNTARINESS OF GUILTY PLEA**

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

_____
for: Timothy R. Henwood
Attorney for the United States Acting
Under Authority Conferred by 28 U.S.C. § 515
Dated: 12-15-16

_____
Jenifer Y. Hernandez-Vega
Assistant United States Attorney
Chief, Violent Crimes Unit
Dated: 12/14/2016

_____
Alexander L. Alum
Assistant United States Attorney
Dated: 12/14/16

_____
Victor M. Chico-Luna
Counsel for Defendant
Dated: 1-25-17

_____
Jose Villafañe-Cotto
Defendant
Dated: 1-25-17

## UNDERSTANDING OF RIGHTS

I have consulted with my attorney and fully understand all of my rights with respect to the Information pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this Plea Agreement and voluntarily agree to it.

Date: 1/25/17

_____
Jose Villafañe-Cotto
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights with respect to the pending Information to Defendant. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to Defendant, who has expressed having no doubts as to the contents of the Plea Agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 1/25/17

_____
Victor Chico-Luna
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States and Defendant, Jose Villafañe-Cotto, agree that the following is a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violating 18 U.S.C. § 113(a)(3) as alleged in Count One of the Indictment and Count One of the Information.

As of January 11, 2016 and continuing through March 18, 2016, Jose Villafañe-Cotto was an inmate at the Metropolitan Detention Center ("MDC") in Guaynabo, Puerto Rico, land acquired for the use of the United States and under its exclusive jurisdiction. On January 11, 2016, Villafañe-Cotto stabbed J.F.O., another inmate at MDC. Specifically, Villafañe-Cotto stabbed J.F.O. in the eye with a shank. Villafañe-Cotto admitted to agents of the Federal Bureau of Investigation and to personnel employed at MDC that he stabbed J.F.O. and that he had two shanks in his possession prior to stabbing J.F.O.

On March 18, 2016, Villafañe-Cotto committed another stabbing at MDC. Specifically, he stabbed N.A.C., another inmate, with three razor blades and a shard of Plexiglass. Villafañe-Cotto admitted to agents of the Federal Bureau of Investigation that he had stabbed N.A.C. in his neck, back, sides, and arms.

For purposes of this Plea Agreement, Villafañe-Cotto that on both January 11, 2016 and March 18, 2016, he committed an assault with a dangerous weapon on land acquired for the use of the United States and under its exclusive jurisdiction.

Had the parties proceeded to trial, the United States would have presented the testimony of law enforcement officers and MDC personnel, and physical and documentary evidence to prove beyond a reasonable doubt that Villafañe-Cotto is guilty as charged in Count One of the Indictment

and Count One of the Information. Discovery was provided to Defendant in a timely fashion for review.

_____
**Alexander L. Alum**
Assistant United States Attorney
Dated: 12/14/16

_____
**Victor Chico-Luna, Esq.**
Counsel for Defendant
Dated: 1-25-17

_____
**Jose Villafañe-Cotto**
Defendant
Dated: 1-25-17